**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4699-15T3

MATTHEW CALAFIORE,

     Petitioner-Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR, and
COMPACT AUTO BODY, INC.,

     Respondents-Respondents.

_____

Submitted October 3, 2018 – Decided November 27, 2018

Before Judges Fuentes, Vernoia and Moynihan.

On appeal from the Board of Review, Department of Labor, Docket No. 023, 459.

Leslie A. Farber, attorney for appellant.

Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Melissa H. Raksa, Assistant Attorney General, of counsel; Alan C. Stephens, Deputy Attorney General, on the brief).

Respondent Compact Auto Body, Inc., has not filed a brief.

PER CURIAM

Claimant Matthew Calafiore challenges Board of Review decisions disqualifying him from receiving unemployment benefits as of March 17, 2013, and directing that he refund unemployment benefits he received. We affirm.

I.

Claimant commenced his employment with Compact Auto Body, Inc. (Compact) in December 2011. One year later, in December 2012, he filed a claim for unemployment compensation benefits but did not initially take any action to collect the benefits.[1] On March 18, 2013, claimant resigned from Compact to accept employment with Monmouth Auto Body (Monmouth). Monmouth laid off claimant in April 2013, two weeks after his employment began. Claimant thereafter collected unemployment compensation benefits totaling $17,020 for the weeks ending May 11, 2013, through November 16, 2013.

---

[1] During a July 23, 2014 Appeal Tribunal hearing, claimant explained that he filed the December 2012 claim to obtain temporary unemployment compensation benefits following a two-and-a-half week closure of Compact following Superstorm Sandy. Claimant did not, however, take any action to collect benefits until he resigned from his employment at Compact in March 2013, and was later laid off by his subsequent employer, Monmouth Auto Body.

A-4699-15T3

Claimant filed a new claim for unemployment benefits in December 2013. During a January 23, 2014 fact-finding conference before a claims examiner, claimant explained that he quit his job at Compact in March 2013, and subsequently worked at Monmouth for two weeks before being laid off. The claims examiner advised claimant Compact had not been notified about his May 2013 benefits claim, but that Compact was informed about his December 2013 claim and, in response, stated claimant resigned his employment to accept a job with a new employer. The claims examiner informed claimant he was disqualified from the benefits he collected during 2013 because he voluntarily resigned his employment with Compact, and that he was liable for a refund of the benefits he received.

The Board Decides Claimant Is Disqualified

In a subsequent written determination, a Division of Unemployment and Disability Insurance (Division) Deputy Director disqualified claimant from benefits after March 17, 2013, because he voluntarily left his job at Compact on March 18, 2013, by resigning to accept the Monmouth job. The Deputy Director also found claimant liable for a refund of the $17,020 in benefits he received in 2013 during the disqualification period.

A-4699-15T3

Claimant appealed and testified during a July 23, 2014 Appeal Tribunal hearing that he resigned from his position as an estimator at Compact due to the stress of an increasing workload, and after he found a higher paying position with Monmouth. The Appeal Tribunal determined claimant's reasons for leaving Compact "[did] not rise to the level of good cause attributable to the work," and concluded claimant was "disqualified for benefits from [March 17, 2013,] under N.J.S.A. 43:21-5(a)" and that his subsequent employment at Monmouth was "insufficient to end [his] disqualification." The Appeal Tribunal further determined claimant is liable under N.J.S.A. 43:21-16(d) to refund the benefits he received during the period following March 17, 2013, but noted claimant could request a refund waiver. In a January 9, 2015 decision, the Board of Review adopted the Appeal Tribunal's findings of fact and affirmed its decision. Claimant appealed.

Remand To Consider May 4, 2015 Amendment to N.J.S.A. 43:21-5(a)

On February 1, 2016, we granted the Board's motion to remand this matter to determine whether a May 4, 2015 amendment to N.J.S.A. 43:21-5(a) should be applied retroactively. The amendment authorized unemployment compensation benefits for individuals under certain circumstances who leave work to accept employment with a new employer. N.J.S.A. 43:21-5(a), amended

by L. 2015, c. 41.  On remand, the Board found the amendment did not apply retroactively to claimant's unemployment compensation claim, see Ardan v. Bd. of Review, 231 N.J. 589, 608-13 (2018)  (finding the May 4, 2015 amendment to N.J.S.A. 43:21-5(a) is not retroactive), and that claimant is disqualified from March 17, 2013, and liable for the refund.

The Board Reissues Its Final Decision

The Board moved for a second temporary remand to determine whether claimant was denied due process because Compact did not timely appeal claimant's receipt of benefits.  On December 8, 2016, we granted the motion and directed the Board "to determine if [Compact] was informed [claimant] had been found eligible for benefits and whether [Compact] filed a timely appeal from that determination."

On remand, the Board "set aside its prior decision," adopted the Appeal Tribunal's fact-findings and determined claimant initially filed for benefits on December 2, 2012, but did not claim benefits because he continued to work at Compact.  Claimant resigned from Compact effective March 18, 2013, to accept employment at Monmouth; he was laid off two weeks later on April 3, 2013.

The Board further found claimant "reopened" his unemployment claim on May 5, 2013, and the Division provided only his most recent employer,

Monmouth, with information concerning the claim. The Division did not request information from Compact concerning claimant's separation of employment or notify Compact regarding claimant's eligibility for the $17,020 in benefits paid during 2013.

The Board determined that when defendant filed his December 2013 transitional benefits claim, he indicated he resigned from his employment with Compact in March 2013. The Division conducted the January 23, 2014 fact-finding conference, and the Deputy Director found claimant disqualified for benefits as of March 17, 2013. Claimant appealed and had a hearing before the Appeal Tribunal, which found claimant resigned from Compact to accept the Monmouth position and was therefore disqualified from benefits and liable for a refund.

The Board concluded the Division was unaware claimant resigned from his employment with Compact until he filed his claim for transitional benefits in December 2013. Compact was first notified about the claim in June 2014 when the Division determined claimant was disqualified. The Board observed that the Division did not have a procedure "to request prior separation information on the paperwork to reopen an existing claim after two separate periods of unemployment," and the information provided by claimant in support

of his December 2013 transitional benefits claim first prompted the inquiry that resulted in the disqualification determination.

The Board decided claimant was disqualified from March 17, 2013, because he voluntarily resigned from Compact to accept employment with Monmouth, and his subsequent employment was insufficient to remove the disqualification. Claimant was thus liable to refund the Division $17,020 he received during 2013.

Refund Waiver Remand

In October 2017, claimant moved for a remand for the Board to consider his eligibility for a refund waiver based on alleged hardship. We granted the motion, directed that the remand proceedings be completed by January 31, 2018, and retained jurisdiction.

In a February 28, 2018 decision, the Board explained claimant failed to respond to two requests for the financial and medical information necessary for a refund waiver determination. The Board concluded it was therefore "constrained to hold . . . claimant is not eligible for a refund" and "does not qualify for a refund waiver pursuant to N.J.A.C. 12:17-14.2."

A-4699-15T3

Our review of decisions by administrative agencies is limited, In re Stallworth, 208 N.J. 182, 194 (2011), with claimants carrying a substantial burden of persuasion, Brady v. Bd. of Review, 152 N.J. 197, 218 (1997).  An agency's determination "must be sustained unless there is a clear showing . . . it [wa]s arbitrary, capricious, or unreasonable, or that it lack[ed] fair support in the record."  Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011) (quoting In re Herrmann, 192 N.J. 19, 27-28 (2007)).  "[I]f substantial evidence supports the agency's decision, 'a court may not substitute its own judgment for the agency's even though the court might have reached a different result.'"  In re Carter, 191 N.J. 474, 483 (2007) (citation omitted).  The burden of proof rests with the employee to establish a right to collect unemployment benefits.  Brady, 152 N.J. at 218.

Claimant presents a singular argument in support of his appeal.[2]  He claims there is insufficient evidence supporting the Board's determination he is

---

[2]  We do not address the following arguments that were asserted in claimant's brief: his due process rights were violated because Compact did not appeal the initial determination he was qualified for benefits and his receipt of benefits was the result of the Division's alleged errors; and he is entitled to a refund waiver because his receipt of benefits was due to the Division's errors.  In a June 14, 2018 letter to the clerk, claimant's counsel advised those arguments were "abandoned."

disqualified from benefits because he left his employment with Compact without good cause attributable to the work. We are not persuaded.

An individual is disqualified for benefits if he or she "left work voluntarily without good cause attributable to such work." N.J.S.A. 43:21-5(a). "'[G]ood cause attributable to such work' means a reason related directly to the individual's employment, which was so compelling as to give the individual no choice but to leave the employment." N.J.A.C. 12:17-9.1(b). "An individual shall not be disqualified for benefits for voluntarily leaving work if he or she can establish that working conditions are so unsafe, unhealthful, or dangerous as to constitute good cause attributable to such work." N.J.A.C. 12:17-9.4. However, a claimant who leaves employment "for personal reasons, however compelling, . . . is disqualified under the statute." Utley v. Bd. of Review, 194 N.J. 534, 544 (2008).

Here, there is substantial evidence supporting the Board's determination claimant is disqualified from benefits following his voluntary resignation from Compact. See Carter, 191 N.J. at 483. Claimant testified he was motivated to leave his position as an estimator with Compact due to an increasing and, what he considered to be, onerous workload, but "[m]ere dissatisfaction with working conditions which are not shown to be abnormal or do not affect health, does not

constitute good cause for leaving work voluntarily." Domenico v. Bd. of Review, 192 N.J. Super. 284, 288 (App. Div. 1983) (quoting Medwick v. Bd. of Review, 69 N.J. Super. 338, 345 (App. Div. 1961)). Claimant did not present any competent evidence establishing his workload was "unsafe, unhealthful, or dangerous," N.J.A.C. 12:17-9.4, and never told his superior at Compact that he would resign unless his working conditions changed. To the contrary, claimant testified "the reason" he resigned from Compact "was for a better position with more money." We therefore discern no basis to conclude the Board's decision is "arbitrary, capricious, or unreasonable" or "lacks fair support in the record." See Russo, 206 N.J. at 27.

We also note that during the pendency of this appeal, we granted claimant's motion for a temporary remand for consideration of his claimed entitlement to a refund waiver, but he failed to provide requested medical and financial information relevant to his assertion the ordered refund was patently inequitable due to claimed health and financial issues. Based on claimant's repeated failure to provide the information necessary to determine his claimed entitlement to a refund waiver, the Board issued a final decision finding he did not qualify for a waiver.

Although claimant amended his notice of appeal to challenge the Board's decision denying the refund waiver, we do not address the issue because claimant does not offer any argument challenging the decision. See Jefferson Loan Co. v. Session, 397 N.J. Super. 520, 525 n.4 (App. Div. 2008) (finding that an issue not briefed on appeal is deemed waived).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION